Lisa S. Wahlin, State Bar No. 013979
**GRAIF, BARRETT & MATURA, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004
Tel:  (602) 792-5700
Fax:  (602) 792-5710
Email:  lwahlin@gbmlawpc.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TIMOTHY RAY WOODS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE HORATH, an individual; ROBERT VALENZUELA, an individual,<br><br>Defendants. | NO. 2:11-cv-0889-SRB-ECV<br><br>**DEFENDANTS' MOTION TO DISMISS** |

Defendants Horath and Valenzuela move to dismiss this action on the basis of res judicata and collateral estoppel. Plaintiff previously filed an identical action against these same Defendants. This Court dismissed that action because Plaintiff failed to exhaust the available administrative remedies before filing suit, as the PLRA requires. This action is thus precluded and should be dismissed.

### I.   BACKGROUND

On May 3, 2011 Plaintiff Woods filed a Complaint alleging that Defendants Horath and Valenzuela slammed Plaintiff into a wall and onto the ground, and kneed and punched him several times while he was in full restraints ("Instant Case").[1] Plaintiff asserts a single count of excessive force.[2]

The Complaint in the Instant Case is an almost word-for-word copy of the First Amended Complaint that Plaintiff filed in a previous case ("First Case") on September 10,

---

[1] Dkt. 1 at 3.

[2] *Id.*

2010.³ In the First Case, Plaintiff also asserted a single count of excessive force, based on his allegations that Defendants Horath and Valenzuela slammed him into a wall and onto the ground, and kneed and punched him several times while he was in full restraints.⁴ Defendants answered the Complaint, and then moved to dismiss based on Plaintiff's failure to exhaust the available administrative remedies before filing suit.⁵ Plaintiff filed two responses to the Motion, and Defendants replied to both.⁶ On April 14, 2011, the Court granted Defendants' Motion to Dismiss, finding that Plaintiff failed to exhaust the available administrative remedies on his excessive force claim, and dismissed the case.⁷ Judgment was entered for Defendants.⁸

## II. RES JUDICATA AND COLLATERAL ESTOPPEL REQUIRE THAT THIS ACTION BE DISMISSED

Res judicata, also known as claim preclusion, prohibits litigation in a subsequent action of any claims that were raised or that could have been raised in the prior action.⁹ This doctrine prevents parties from contesting matters that they have had a full and fair opportunity to litigate.¹⁰ In so doing, it protects opposing parties from the expense and vexation of duplicative lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.¹¹ A related doctrine, collateral estoppel, prevents re-litigation of issues that were determined in a previous action. Both doctrines apply here to preclude Plaintiff's claim.

For res judicata to apply, there must be: (1) identity of the claims; (2) a final

---

³ *Woods v. Maricopa County Sheriff, et al.*, CV10-1955-PHX-SRB-ECV, Dkt. 5.
⁴ CV10-1955, Dkt. 5 at 3.
⁵ CV10-1955, Dkt. 22.
⁶ CV10-1955, Dkt. 27, 30, 31, and 34.
⁷ CV10-1955, Dkt. 35.
⁸ CV10-1955, Dkt. 36.
⁹ *Montana v. United States*, 440 U.S. 147, 153 (1979); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998).
¹⁰ *Montana*, 440 U.S. at 153.
¹¹ *Id.* at 153-154; *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328-30 (9th Cir. 1995).

judgment on the merits; and (3) identity of the parties.[12] All three elements are satisfied here. The claim and the parties in the First Case are identical to those in the Instant Case. And the dismissal in the First Case, based on Plaintiff's failure to exhaust, resulted in a judgment for Defendants. Although the dismissal was without prejudice, the judgment was a final judgment because Plaintiff has no way to cure the defect that led to the dismissal of his case.[13] The administrative grievance time frames have expired; Plaintiff cannot begin a new process in an effort to exhaust the administrative remedies as the PLRA requires.[14] Accordingly, res judicata precludes Plaintiff's claim and his action should be dismissed.

Collateral estoppel also requires that this action be dismissed. The doctrine of collateral estoppel, or issue preclusion, precludes re-litigation of an issue when: (1) the previous suit was between the same parties; (2) the issue of law or fact was actually litigated; and (3) the issue was necessarily decided as part of the judgment.[15] As discussed above, the First Case was between the same parties as the Instant Case and an issue was actually litigated and necessarily decided as part of the judgment. The issue litigated in the First Case was whether Plaintiff exhausted MCSO's administrative remedies. The PLRA requires that inmates exhaust the available administrative remedies as to each of their claims before filing suit.[16] Failure to do so is fatal to an inmate's claims.[17] After hearing from both parties, the Court determined that Plaintiff failed to exhaust MCSO's administrative grievance process before he filed suit. This determination formed the basis

---

[12] *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

[13] *See Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005) (dismissal for failure to exhaust, even though not stated as "with prejudice," was a final judgment because the plaintiff had no way to cure the defect by beginning a new administrative process); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (the court's dismissal without prejudice would typically constitute a non-final judgment but the dismissal was final because the plaintiff could not cure the defect found by the court).

[14] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules).

[15] *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 887 (9th Cir. 2000).

[16] 42 U.S.C. § 1997e.

[17] *Porter v. Nussle*, 534 U.S. 516 (2002); *Jones v. Bock*, 549 U.S. 199 (2007).

3

of the Court's dismissal. All elements of collateral estoppel are met here, and Plaintiff's action should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed.

RESPECTFULLY SUBMITTED this 28th day of September, 2011.

                            GRAIF BARRETT & MATURA, P.C.


                          By /s/ Lisa S. Wahlin
                              Lisa S. Wahlin
                              1850 North Central Avenue, Suite 500
                              Phoenix, Arizona  85004
                              *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2011, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

J. Blake Mayes
David V. Telles
MayesTelles PLLC
331 N. First Avenue, Ste. 107
Phoenix, Arizona  85003-4528
*Attorneys for Plaintiff*


By /s/ Marcy Delgado

4829-0601-4219, v. 1

4