Lisa S. Wahlin, State Bar No. 013979
**GRAIF, BARRETT & MATURA, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Tel: (602) 792-5700
Fax: (602) 792-5710
Email:  @gbmlawpc.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TIMOTHY RAY WOODS, an individual, | NO. 2:11-cv-0889-SRB-ECV |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |
| vs. | |
| STEVE HORATH, an individual; ROBERT VALENZUELA, an individual, | |
| Defendants. | |

Plaintiff's Complaint should be dismissed because it is precluded by the doctrines of res judicata and collateral estoppel.  The dismissal in Plaintiff's previous action, which alleged the same claim based on the same facts, was a final judgment and Plaintiff has not cured – and cannot cure – the defect that led to the previous dismissal.

**A.   This Court has already found that Plaintiff failed to exhaust the available administrative remedies and Plaintiff is precluded from re-urging his arguments.**

For the doctrines of res judicata and collateral estoppel to apply, this Court's previous dismissal must have been a final judgment on the merits. Plaintiff contends that the Court should deny Defendants' motion because the previous judgment was not on the merits for two reasons: (1) a dismissal based on a plaintiff's failure to exhaust administrative remedies under the PLRA is not a judgment on the merits; and (2) the defects that led to the previous dismissal have been cured. The cases Plaintiff cites in support of his position are inapposite, and the defects that led to the previous dismissal

have not been cured and are incurable.

      1.   _Heath v. Cleary_ is distinguishable.

      Plaintiff cites _Heath v. Cleary_[1] in support of his argument that dismissal based on a failure to exhaust administrative remedies is not considered a dismissal on the merits. The plaintiff in _Heath_ was a college professor in California. For several years, he and his employer, a state university, engaged in a dispute over salary and sabbatical leave, as well as several other issues. Eventually, the plaintiff was dismissed from employment for failing to teach his assigned courses. He sued his employer in federal court under § 1983, claiming that he was retaliated against for exercising his first amendment rights. While that action was pending, the plaintiff filed a Writ of Mandate in state court claiming that his employer owed him salary and had wrongfully denied his application for sabbatical leave. The state court denied the petition because the plaintiff had failed to exhaust administrative remedies. The district court concluded that the plaintiff was collaterally estopped from raising those same issues in the federal action. On appeal, the Ninth Circuit looked to state law to determine the preclusive effect of the denial of the petition. It determined that collateral estoppel did not apply because "California courts would conclude that a denial of a writ of mandamus for failure to exhaust administrative remedies is not a decision on the merits."[2] In a footnote, the _Heath_ court also mentioned that the general federal rule is that dismissal on the grounds of failure to exhaust is not a decision on the merits.[3]

      _Heath_ is distinguishable in several respects. First, the exhaustion requirement in

---

[1] _Heath v. Cleary_, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983).

[2] _Id._ at 1379, n.4.

[3] _Id._ The cases cited in the footnote are also distinguishable. None of them are prisoner cases governed by the PLRA. In _Hoston v. Silbert_, 514 F.Supp. 1239 (D.D.C. 1981), the issue of whether a dismissal for failure to exhaust is a final judgment was merely mentioned; it did not form the basis of the court's decision. And in _Bland v. Connally_, 293 F.2d 852 (D.C.Cir. 1961), the court held that the dismissal for failure to exhaust did not preclude the plaintiff from re-filing his suit _after exhausting the administrative remedies_. (emphasis added). Plaintiff would also not be precluded from re-filing, if he had cured the defect by exhausting MCSO's administrative remedies, but he has not done so.

*Heath* was based in common law, whereas the exhaustion requirement here is statutory. Second, *Heath* involved an employment action, not a prisoner lawsuit governed by the PLRA. Finally, the *Heath* court examined whether a state court dismissal of a writ of mandate had a preclusive effect on a § 1983 action in federal court involving the same issues. Here, the issue is distinctly different. Defendants are asking this Court to give preclusive effect to its own previous judgment rendered in an action where the Plaintiff's claim was identical to his current claim, and the facts and law the Court considered in finding that Plaintiff failed to exhaust are identical to those that apply to the current claim.

2.   *Butler* and *Griffin* are controlling.

Plaintiff argues that Defendants' reliance on *Butler*[4] and *Griffin*[5] is misplaced, and attempts to distinguish these cases by contending that he has cured the defects that led to the dismissal of his previous complaint.

Both *Butler* and *Griffin* involve prisoner lawsuits brought under the PLRA. In each case the district court dismissed one or more claims because the plaintiff failed to exhaust administrative remedies. And in both cases the Ninth Circuit held that the district court's action was a final judgment because the plaintiffs could not begin a new administrative process to exhaust administrative remedies. Thus, they had no way of curing the defect that led to the dismissal. The same situation exists here.

To properly exhaust, an inmate must comply with an agency's deadlines and other critical procedural rules.[6] Plaintiff cannot do so. MCSO's grievance policy requires that an inmate submit a grievance alleging excessive force within 60 days of the event being grieved.[7] The incident that forms the basis of Plaintiff's Complaint occurred in May 2010. Moreover, Plaintiff was released from the MCSO custody and transferred to the Arizona Department of Corrections on December 22, 2010.[8] No procedure exists for an inmate to

---

[4] *Butler v. Adams*, 397 F.3d 1181 (9th Cir. 2005).

[5] *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009).

[6] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

[7] Plt's Resp., Dkt. 17, Ex. 7 at ¶ 2.A.

[8] Dkt. 17 at 3.

1   exhaust remedies once he is released from MCSO custody.[9] Thus, Plaintiff has no means

2   by which to cure the defect that led to the dismissal of his previous action.

3        Although Plaintiff contends that he has cured his failure to exhaust, he does not

4   support this contention with any facts. Instead, Plaintiff cites to *Brown v. Valoff* [10] and

5   argues that this Court was mistaken in its dismissal of the previous case because Plaintiff

6   "believed" he had exhausted the grievance process.[11]  But, unlike the plaintiff in *Brown*,

7   he does not contend that he was advised that no further relief was available through the

8   grievance process. The facts have not changed since the Court dismissed Plaintiff's

9   previous Complaint. And when this Court dismissed Plaintiff's previous action, it

10  considered the facts in light of *Brown*, and determined that *Brown* was factually

11  distinguishable.[12]

12        3.  The Court's previous dismissal precludes Plaintiff's action.

13        Plaintiff's previous action and this action involve the same parties, the same

14  claims, and the same issues. After hearing from both parties, this Court dismissed the

15  previous action because Plaintiff failed to exhaust MCSO's administrative grievance

16  process before filing suit, as the PLRA requires. Nothing has changed since that dismissal.

17  Yet Plaintiff has re-filed the same claim; the language in the two complaints is identical in

18  all material respects. Plaintiff has not made any effort to exhaust the administrative

19  remedies since the dismissal of the first lawsuit. Indeed, any effort to exhaust at this point

20  would be futile. Plaintiff is no longer in MCSO's custody and the time frames for

21  exhaustion have expired. Thus, the Court's previous judgment for Defendants precludes

22  this action, and Plaintiff's Complaint should be dismissed.

23  **B.  Defendants did not waive the exhaustion argument.**

24        Plaintiff argues that because Defendants did not raise the issue of Plaintiff's failure

25  _____

26  [9] Dkt. 17, Ex. 7.

    [10] *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

27  [11] Dkt. 17, Ex. 4 at ¶ 18.

28  [12] Case 2:10-cv-01955-SRB, Dkt. 35.

4

to exhaust in their Motion to Dismiss they have waived this affirmative defense. Plaintiff is incorrect. Certain enumerated defenses under Rule 12(b) may be waived when not raised, but a motion to dismiss for failure to exhaust is properly raised in an unenumerated 12(b) motion.[13] Pursuant to Rule 12(h)(2), Fed. R. Civ. P., this defense has not been waived and may still be raised. If this Court denies Defendants' motion to dismiss on the basis of res judicata and/or collateral estoppel, Defendants intend to preserve this legal defense in their Answer and may file a motion at the appropriate time addressing Plaintiff's failure to exhaust. But because Defendants believe that re-addressing the exhaustion arguments – which this Court has already considered – is premature at this juncture, Defendants do not address those arguments.

## CONCLUSION

The doctrines of collateral estoppel and res judicata are intended to protect opposing parties from the expense and vexation of duplicative lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.[14]   In short, they are intended to prevent exactly the type of situation that exists here. Court resources and the resources of jails and prisons will be needlessly expended if inmates are allowed to perpetually re-file the same lawsuit, with no changed facts and circumstances, and have the issue of exhaustion examined anew upon each filing. Accordingly, Defendants request this Court to dismiss Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 5th day of December, 2011.

GRAIF BARRETT & MATURA, P.C.


By /s/Lisa S. Wahlin
Lisa S. Wahlin
1850 North Central Avenue, Suite 500
Phoenix, Arizona  85004
*Attorneys for Defendants*

---

[13] *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

[14] *Montana v. United States*, 440 U.S. 147, 153-154 (1979); *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328-30 (9th Cir. 1995).

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2011, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

J. Blake Mayes
David V. Telles
MayesTelles PLLC
331 N. First Avenue, Ste. 107
Phoenix, Arizona  85003-4528
*Attorneys for Plaintiff*


By /s/ Lynette Lohsandt

4847-2996-4302, v.  1

6